FILED

**NOT FOR PUBLICATION**

JUN 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MILTON ANTONIO GUERRA-MORALES,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 11-72885<br><br>Agency No. A099-479-140<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2015[**]

Before:    HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Milton Antonio Guerra-Morales, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

application for asylum, withholding of removal, and protection under the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under

8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Rahimzadeh v. Holder*, 613 F.3d 916, 920 (9th Cir. 2010), and we deny the petition for review.

The record does not compel the conclusion that Guerra-Morales established the government of El Salvador was or would be unable or unwilling to protect him. *See id.* (an applicant for asylum and withholding of removal bears the burden of establishing that the government would be unwilling or unable to control private actors); *see also Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005). (record does not compel a contrary conclusion where police investigated reports of mistreatment but were unable to solve crimes). Thus, we deny the petition as to Guerra-Morales's asylum and withholding of removal claims.

Guerra-Morales does not challenge the BIA's denial of his CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED.**